UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FATIMA MOUJTAHID, on behalf of herself
and her minor child B.M,

                Plaintiffs,

  v

UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES, *et al.*,

                Defendants.

No. C18-1789 RSM

ORDER GRANTING MOTION TO STAY

      Defendants have filed a Motion for a Stay of Deadlines in Light of Lapse of Appropriations, in which Defendants seek a stay of deadlines in this case for the duration of the current lapse in appropriations for the United States Department of Justice ("DOJ"). Dkt. #13. Plaintiffs oppose this request, arguing in part that counsel for Defendants can continue to work on this case due to the recent passage of the Government Employees Fair Treatment Act of 2019. Dkt. #16. Plaintiffs also argue that the relief requested in this case, involving a FOIA request, is necessary for the safety of the public because the information requested may aid in a state RICO lawsuit "filed to protect immigrants from the unlawful acts of Maurice Terry, Edwin Cruz, and Alexander Chan, who the plaintiffs believe to be a criminal enterprise that provides unlicensed

ORDER - 1

immigration services." *Id*. at 3. On Reply, Defendants argue that Plaintiffs "mistakenly assume[] that 31 U.S.C. § 1342 no longer applies to Department of Justice attorneys," that "this FOIA case does not implicate an emergency involving the safety of human life or protection of property," and that DOJ attorneys therefore cannot work on this case. Dkt. #17 at 2–3. Defendants also contend that Plaintiffs' assertion that the public will be harmed by a stay "is speculative at best." *Id*. at 3.

Whether to stay a lawsuit is within this Court's discretion. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir. 2005). In considering a stay request, courts weigh the competing interests that will be affected:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Absent an appropriation, Department of Justice attorneys are currently prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

The Court finds that Plaintiffs have failed to demonstrate that this case implicates an emergency involving the safety of human life or protection of property, in part because their arguments about what could be recovered from the FOIA request at issue are speculative. Defendants have otherwise demonstrated good cause for a stay in this case.

Accordingly, having reviewed the pleadings and materials in this case, it is hereby ORDERED that: The Defendants' Motion for a Stay of Deadlines in Light of Lapse of Appropriations (Dkt. #13) is GRANTED. All pending deadlines for the above-captioned case, including the deadline to answer the complaint, are hereby STAYED and are hereby

EXTENDED commensurate with the duration of the lapse in appropriations. The Government is responsible for notifying the Court once appropriations have been received.

DATED this 24th day of January 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE