UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FATIMA MOUJTAHID, on behalf of herself and her minor child B.M., | Case No. C18-1789RSM |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, et al., | |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court on Defendants United States Citizenship and Immigration Services ("USCIS"), United States Department of Homeland Security ("DHS"), National Records Center ("NRC"), Kevin K. McAleenan, L. Francis Cissna, and Jill A. Eggleston's Motion to Dismiss brought under Rule 12(b)(6).  Dkt. #34.  Defendants move to dismiss Plaintiffs' Freedom of Information Act ("FOIA") claim seeking certain third party immigration information, arguing such is exempt from disclosure.  Plaintiffs Fatima Moujtahid and her minor child B.M. oppose.  Dkt. #36.  For the following reasons, the Court GRANTS Defendants' Motion and dismisses this case.

## II.   PRELIMINARY PROCEDURAL ISSUES

As an initial matter, the Court will address Defendants' filing of a Rule 12(b)(6) Motion with numerous attached exhibits after previously filing an Answer.  *See* Dkts. #21, #34, and #35.  A Rule 12(b)(6) motion made after the answer is filed is technically untimely.  *See* Fed. R. Civ. P. 12(b) ("[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive pleading."); *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir.1983) (Rule 12(b) motion filed after a responsive pleading is "technically untimely").  The Court could construe Defendants' Motion as a Rule 12(c) motion for judgment on the pleadings.  *See Elvig*, 375 F.3d at 954.  However, because both parties have cited extensively to evidence outside the pleadings, Rule 12 dictates that "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  This shifts the legal standards for ruling on this Motion but also how the facts are summarized below.[1]

## III.   BACKGROUND

In February 2010, the Washington State Attorney General received a complaint regarding unauthorized practice of immigration law.  After investigating, the AG wrote to the non-attorneys Edwin Cruz and Maurice Terry, "[I]t is clear that you have violated the Immigration Assistance Practices Act (IAPA), RCW 19.154, and the Consumer Protection Act (CPA), RCW 19.86" and that "[t]he evidence in our possession overwhelmingly establishes that you have violated the law in your business dealings from 2007 through the present."

---

[1] The Court notes that "[m]ost FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law."  *Animal Legal Def. Fund v. United States FDA*, 836 F.3d 987, 989 (9th Cir. 2016) (en banc); *see also Sakamoto v. EPA*, 443 F. Supp. 2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim.") (citing *National Wildlife Federation v. United States Forest Service*, 861 F.2d 1114 (9th Cir. 1988)).

ORDER GRANTING MOTION TO DISMISS - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nevertheless, the AG offered to forgo litigation if Terry and Cruz signed a consent decree.  Dkt #37-1.  On August 25, 2011, Terry and Cruz did so.  Dkt. #37-2.  Plaintiffs allege that Terry and Cruz then modified their criminal enterprise by working in concert with a licensed attorney, Alexander Chan.  This enterprise too unraveled after further investigation by the AG.

On July 20, 2017, Plaintiffs and others brought a private civil RICO case against Terry, Cruz, and Chan alleging a joint operation used to defraud and harm immigrants.  *Guzman Rosales et al. v. Terry et al.*, Pierce County Superior Court Case No. 17-2-09677-1 (July 20, 2017).  Plaintiffs allege USCIS has not cooperated with this civil action.

In October of 2018, Plaintiffs submitted a FOIA request for 10 categories of records relating to Edwin Cruz, Alexander Ying-Chi Chan, and Maurice Terry (Subjects of Record or "SORs").  Dkt. #35-1 at 3–9.  These categories of information included immigration forms prepared by the SORs and employment and disciplinary records pertaining to the SORs. Plaintiffs included a written release from SOR Maurice Terry but no others.

Plaintiffs requested expedited processing pursuant to 6 C.F.R. § 5.5(e)(1)(iii) and 5 U.S.C. § 552(a)(6)(E)(ii).  *Id.* at 3.  Defendants failed to timely respond to the request, leading Plaintiffs to file this lawsuit on December 12, 2018.  In June of 2019, Defendants produced partial responses and cited several FOIA exemptions justifying redactions and non-disclosure. *See* Dkt. #35-1 at 49-51.  For categories 1-6, USCIS conducted a limited search with respect to SOR Maurice Terry and turned over certain non-exempt materials.  USCIS denied categories 7 and 8 "because, except for SOR Maurice Terry, those materials would be exempt pursuant to FOIA's Exemption 6 as they would be located in A-files of third parties."  Dkt. #34 at 5.  In response to Item 9 of Plaintiff's FOIA request, USCIS provided non-exempt material from the spreadsheets it received from its Fraud Detection and Naturalization Directorate ("FDNS").  *Id.*

ORDER GRANTING MOTION TO DISMISS - 3

Item 10 of Plaintiff's FOIA request sought employment records for all of the SORs, which Defendants argue is protected from disclosure by FOIA Exemption (b)(6). *Id*. Because Plaintiff provided a written authorization to release records for SOR Maurice Terry, USCIS FOIA contacted the USCIS Human Resources office for his employment records. *Id*. USCIS FOIA learned that USCIS did not possess Maurice Terry's records. *Id*.

In September of 2019, the parties filed a Joint Status Report indicating that "upcoming motion practice in the state court litigation may allow for a complete resolution of this FOIA litigation." Dkt. #30 at 2.

In November of 2019, the parties filed another Joint Status Report requesting a briefing schedule on the issue of "whether USCIS must produce third party protected privacy information without a waiver that it contends are protected by statute and/or exemption(s), and that Plaintiffs contend is in the public interest because the state litigation is a RICO action against alleged fraudulent practitioners of immigration law." Dkt. #2 at 2.

On January 31, 2020, Defendants moved this Court to dismiss Plaintiffs complaint arguing that the remaining records are exempt from disclosure under 5 U.S.C. 552 (b)(6), (b)(7)(E) or b(7)(C) and that Plaintiffs had not articulated a sufficient public interest to overcome those exemptions.  At issue are information and immigration forms related to the SORs located in (1) Alien files ("A-files") from third parties' immigration proceedings and (2) the SORs' personnel records.

## IV.    DISCUSSION

### A. Legal Standard

In FOIA cases, the usual summary judgment standards apply and "if there are genuine issues of material fact in a FOIA case, the district court should proceed to a bench trial or

adversary hearing" and issue findings of fact and conclusions of law.  *Animal Legal Def. Fund*, 836 F.3d at 990 (citing Fed. R. Civ. P. 52(a)(1)); *see also Cameranesi v. United States DOD*, 856 F.3d 626, 636 (9th Cir. 2017) ("We have now overruled this FOIA-specific summary judgment standard, and instead apply our usual summary judgment standard.").

Accordingly, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248.  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party.  *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

FOIA establishes "a judicially enforceable right to secure [government] information from possibly unwilling official hands."  *Dep't of Air Force v. Rose*, 425 U.S. 352, 361, 96 S. Ct. 1592, 48 L. Ed. 2d 11 (1976) (citing S. Rep. No. 813, 89th Cong. (1st Sess. 1965)); *see also Lahr v. NTSB*, 569 F.3d 964, 973 (9th Cir. 2009).  The aim of these disclosure requirements is

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to "ensure an informed citizenry, vital to the functioning of democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L. Ed. 2d 159 (1978); *see also Hamdan v. United States DOJ*, 797 F.3d 759, 770 (9th Cir. 2015); *Shannahan v. I.R.S.*, 672 F.3d 1142, 1148 (9th Cir. 2012).

Federal agencies have a duty to construe FOIA requests liberally. *Yagman v. Pompeo*, 868 F.3d 1075, 1080 (9th Cir. 2017). In addition, "[i]n response to a FOIA request, a government agency must conduct a search reasonably calculated to uncover all relevant documents." *Lahr*, 569 F.3d at 986. To demonstrate that it has conducted a reasonable search, an agency may produce "reasonably detailed, nonconclusory affidavits submitted in good faith." *Zemansky v. United States Environmental Protection Agency*, 767 F.2d 569, 571 (9th Cir. 1985) (citing *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485, 240 U.S. App. D.C. 339 (D.C. Cir. 1984)); *see also Lahr*, 569 F.3d at 986; *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1328 (9th Cir. 1995).

Upon receipt of a FOIA request, a federal agency "shall make the records promptly available," 5 U.S.C. § 552(a)(3)(A), and "shall make reasonable efforts to search for the records" responsive to a request. *Id*. § 552(a)(3)(C)–(D). Agencies must respond to FOIA requests within twenty business days of receipt, *id*. § 552(a)(6)(A)(i), and disclose responsive documents unless one or more of FOIA's exemptions apply. These exemptions are "narrowly construed." *Shannahan*, 672 F.3d at 1149. An agency bears the burden of establishing that an exemption applies. *Lahr*, 569 F.3d at 973. "Any reasonably segregable portion of a record shall be provided" to the FOIA requester. 5 U.S.C. § 552(b).

**B. Analysis**

Defendants frame their Motion thusly:

> …the parties have attempted to resolve this litigation without the need for motion practice. However, the only issue preventing resolution is whether USCIS must disclose protected third party privacy information from immigration A-files, personnel files, or personal identifying information, such as Alien Registration Numbers ("A-numbers") assigned to individuals in immigration proceedings absent written authorization to do so from the individuals of record or a demonstration of a significant public interest in an agency action. USCIS asserts that the two SORs who have not presented written authorization for the release of records with their identifying information, including personnel records, have a privacy interest. The parties seemingly agree that the third parties with responsive records in their A-files have a privacy interest. However, the main dispute concerns the third parties' privacy interest (including the two SORs) outweighing the public's interest in their information being disclosed without their authorization primarily for use as discovery in a civil trial.

Dkt. #34 at 5–6.

**1. The A-files at issue**

The A-file is "the official record where all immigration transactions involving a particular individual are documented and stored as he or she passes through the immigration and inspection process." Dkt. #35 ("Eggleston Decl."), ¶ 15; *see* 82 Fed. Reg. 43,556 (Sept. 18, 2017). Defendants cite to exemption (b)(6) as a basis to withhold documents contained in third party A-files. This exemption serves to protect personal privacy, permitting an agency to withhold "personnel and medical files and similar files the disclosure of which would clearly constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" is to be interpreted broadly, covering all "Government records on an individual which can be identified as applying to that individual." *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 595, 602 (1982); *see also Lepelletier v. Fed. Deposit Ins. Corp.*, 164 F.3d 37,

ORDER GRANTING MOTION TO DISMISS - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

47 (D.C. Cir. 1999) ("The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual.").   In addition to personnel files, "similar files" has been found to cover A-files.  *See Burton v. Kelly*, 17-cv-00705, 2018 WL 3357574, at *2 (C.D. Cal. 2018) (Exemption (b)(6) applies to records located in A-file); *Muchnick v. Dep't of Homeland Sec.*, 225 F. Supp. 3d 1069, 1075 (N.D. Cal. 2016).

If the threshold requirement of "personnel and medical files and similar files" is met, as it has been here, the Court must weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy."  *Lepelletier*, 164 F.3d at 47.

Defendants argue that "Congress did not intend the FOIA to facilitate 'disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct.'" Dkt. #34 at 10 (citing *DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 772–73 (1989); *Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1025 (9th Cir. 2008)).   Acknowledging that the requested information is sought to support the underlying civil litigation, Defendants contend that, "[a]lthough Plaintiff's RICO litigation may benefit the public, the 'FOIA was not intended to function as a private discovery tool.'" *Id.* at 12 (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978); *Sakamoto v. U.S. E.P.A.*, 443 F. Supp. 2d 1182, 1197 (N.D. Cal. 2006)).

Plaintiffs respond that "even if the privacy interests in this case are more than *de minimis*, the balance tilts in favor of disclosure because the purpose of the civil RICO case is to bring an end to the criminal enterprise, warn harmed immigrants of the damages to them caused

ORDER GRANTING MOTION TO DISMISS - 8

by Terry, Cruz, and Chan, and warn other unlawful practitioners of law against practicing immigration law." Dkt. #36 at 10.

The Court finds that the privacy interests here are substantial and not *de minimis*. The Court is not convinced that Plaintiffs' RICO action alone constitutes a sufficient public interest for purposes of the (b)(6) balancing test given that the records at issue do not shed light on the functions of USCIS, but rather contain personal information about applicants. The Court can imagine how these records could benefit the public interest in assisting the discovery of potential plaintiffs in the civil RICO action. However, Plaintiffs present no evidence that Terry, Cruz and Chan are engaging in an ongoing criminal enterprise, or that the AG's efforts to investigate other unlawful practitioners of law are insufficient. Plaintiffs' civil litigation discovery interests alone are not enough to tip the scale.

Plaintiffs contend that Defendants could easily address privacy concerns by disclosing redacted versions of documents in the A-files.[2] Defendants do not directly address Plaintiffs' proposals, instead arguing that their refusal to redact A-files was recently affirmed by the Ninth Circuit. Dkt. #38 at 6 (citing *Burton v. Wolf*, No. 18-55999, 2020 WL 1231218, at *1 (9th Cir. Mar. 13, 2020)). The Court believes that Plaintiffs' redaction proposals are reasonable, but reluctantly concludes that Plaintiffs have failed to set forth an adequate public interest to outweigh the privacy interests associated with these records under existing law.

---

[2] Plaintiffs propose Defendants provide "a copy that is redacted for all but the preparer and representative blocks and, ideally, leave the form type and last four digits of the alien number. Plaintiffs argue that this "would be sufficient for a victim or attorney of a victim to recognize who the file belonged to, but would be inadequate for a member of the general public to identify," and that "the last four digits of the alien number could be displayed in the other materials already produced and would be no more significant for identifying the individual immigrant than the presence of the last four digits of an individual's social security number is in federal litigation." Dkt. #36 at 9.

ORDER GRANTING MOTION TO DISMISS - 9

Defendants also cite to Exemption (b)(7) as a basis to withhold names of individuals who are under investigation in ISCIS's FDNS National Security Data System.  *See* Eggleston Decl. at ¶ 36.  Exemption (b)(7)(c) allows agencies to withhold information compiled for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Defendants argue that the disclosure of these names would reveal privacy information that is law enforcement in nature and compromise investigations of potentially unauthorized practice of immigration law.

The Court agrees and finds that Plaintiffs have failed to set forth a sufficient public interest to outweigh the above interests, or sufficiently demonstrated that the public records of Terry, Cruz, and Chan's violation of consent decrees justify release of the redacted names.

## 2.   Personnel Records of Terry, Cruz, and Chan

Defendants similarly cite to exemption (b)(6) as a basis to withhold documents contained in personnel records for the SORs, however they also contend that the records Plaintiffs seek are not within their possession.  *See* Dkt. #38 at 7.  Plaintiffs argue that "[t]o the extent Defendants are in possession of any responsive documents relating to Item 10, whether in a personnel file or not, Exemption 6 does not apply." Dkt. #36 at 13.  The Court concludes that Defendants have not withheld this category of documents.  The Court sees no genuine dispute on this issue and finds that summary judgment dismissal of Plaintiffs' FOIA claims is warranted at this time.

## V.   CONCLUSION

Having reviewed the briefing of the parties, the attached declarations and exhibits, and the pleading, the Court hereby FINDS and ORDERS that Defendants' Motion to Dismiss, Dkt. #34, is GRANTED.  Plaintiffs' FOIA claims are DISMISSED on summary judgment.  The

ORDER GRANTING MOTION TO DISMISS - 10

1  Court believes this resolves all remaining issues in this case.  To the extent any issues remain,

2  the parties are to notify the Court immediately by filing a joint status report.  This case is

3  CLOSED.

4          DATED this 15th day of July, 2020.

5

6

7

8

9  RICARDO S. MARTINEZ

10  CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO DISMISS - 11